UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| Marilyn Spearman | ) | Case Number:  9:23-cv-5014-BHH |
| | ) | |
| | ) | |
| Plaintiff, | ) | **Complaint** |
| | ) | (Jury Trial Demanded) |
| vs. | ) | |
| | ) | (Negligence, Negligent Entrustment |
| Gray Flex Systems, Inc., and | ) | Negligent Hiring, Retention & |
| Brian Dale Puckett | ) | Supervision) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TO THE ABOVE-NAMED DEFENDANTS**:

Plaintiff, complaining of Defendants jointly and severally, would allege and show unto the Court the following:

1.       That the Plaintiff, Marilyn Spearman is a citizen and resident of Lee County, Georgia.

2.       Defendant, Gray Flex Systems, Inc. ("Gray Flex Systems") is a New York Corporation which operates out of Coats, North Carolina.  Defendant Gray Flex Systems is a motor vehicle carrier registered with the United States Department of Transportation and bearing USDOT number 675658.  This USDOT number was labeled on the 2016 Freightliner and the name of Gray Flex Systems was on the tractor and trailer that injured Plaintiff in this multi-vehicle collision on November 8, 2020.

1

3.      Defendant Brian Dale Puckett is a citizen and resident of the State of North Carolina.  Defendant Puckett was the driver of a 2016 Freightliner tractor that injured Plaintiff in a multi-vehicle collision on November 8, 2020.

4.      This lawsuit arises from a multi-vehicle collision that occurred on November 8, 2020, at approximately 12:19 p.m., on Interstate 95 South in Jasper County, South Carolina.

5.      Pursuant to 28 U.S.C. §1332, this court has jurisdiction based on complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

## FOR A FIRST CAUSE OF ACTION
(Negligence)

6.      Plaintiff realleges and reincorporates the above paragraphs.

7.      That at all times relevant hereto, Defendant Puckett was an employee, agent and legal representative of Defendant Gray Flex Systems acting in the course and scope of his employment.

8.      That at all times relevant hereto, Defendant Gray Flex Systems was the employer and principal of Defendant Puckett.

9.      That at all times relevant hereto, Defendant Gray Flex Systems exercised control over the conduct of Defendant Puckett and had the right to control the time, manner, and method of Defendant Puckett's work.

10.     That Defendant Gray Flex Systems is responsible for Defendant Puckett's actions and the consequences of his actions on November 8, 2020 including,

2

but not limited to, the doctrines of *respondent superior* and agency.

11.     On November 8, 2020, at approximately 12:19 p.m. Plaintiff was operating a 2016 Kia.  She was traveling southbound on Interstate 95, located in Jasper County, State of South Carolina.  This stretch of roadway where the collision occurred was straight and flat.  It was misty raining, and the roadway was wet. Plaintiff was slowing for traffic when she was involved in a multi-car crash.

12.     Upon information and belief, the 2016 Freightliner driven by Defendant Puckett, first struck a 2019 Hyundai from behind driven by Bryan Chakiris.  The 2016 Freightliner, then struck a 2008 Nissan sedan being driven by Peter Pratts.  The Nissan sedan then struck Plaintiff's vehicle from behind.

13.     The force of the impact lifted the back of the Plaintiff's vehicle completely off the ground whereby the vehicle's front tires were the only tires on the roadway before crashing back to the ground.  The Plaintiff's vehicle was a total loss.

14.     Defendant Puckett drove the 2016 Freightliner owned by Defendant Gray Flex Systems with its knowledge and permission.

15.     Defendant Puckett's trailer was loaded, and he was traveling at least 76 miles per hour as he drove through the misting rain passing traffic in both the left and right lane before causing this multi-car collision.

16.     Defendant's Puckett's speed, driving and the events of the collision were captured on a Garmin Dashcam.

17.      Defendant Puckett and Defendant Gray Flex Systems has reviewed

3

the video recording of the collision as captured on the Garmin Dashcam.

18.    As a result of the collision, Plaintiff suffered substantial injuries including, but not limited to, head, neck, back, elbows, hips and lower extremities, requiring medical care.

19.    As a result of the collision, the Plaintiff was transported by Jasper County EMS to the emergency room at Coastal Carolina Medical Center for her injuries and has continued to receive medical care for her injuries.

20.    The collision, injuries, and damages described in this Complaint were the direct, foreseeable and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Puckett who was acting in the course and scope of his employment, agency and representation of Defendant Gray Flex Systems in the following particulars:

(a)    In driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others in violation of S.C. Code Ann. §56-5-2920;
(b)    In traveling too fast for conditions;
(c)    In failing to maintain a proper lookout;
(d)    In failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing;
(e)    In failing to keep the motor vehicle he was operating under control;
(f)    In failing to apply his brakes or operating a vehicle without properly operating brakes;
(g)    In failing to maintain his brakes;
(h)    In failing to sound his horn, or to otherwise warn of his approach;
(i)    In failing to properly observe the road and traffic conditions and patterns;
(j)    In failing to respond as a reasonable truck driver would to the dangerous traffic conditions posed by the misty rain;
(k)    In driving while tired or not otherwise fully alert in reckless disregard of the rights and safety of others, especially the rights and safety of

Plaintiff;

(l)    In failing to operate a commercial vehicle in the manner required by the Federal Motor Carrier Safety Regulations.

(m)    In generally failing to use the degree of care and caution that a reasonably prudent person would have used under he same or similar circumstances.

(n)    In violating state laws enacted to protect the safety and health of the motoring public, so as to constitute negligence per se;

(o)    In other matters to be learned through the course of discovery.

21.    That as a direct and proximate result of the negligent, careless, grossly negligent, reckless, willful, or wanton acts of omissions of the Defendant Puckett's willful, wanton, reckless, grossly negligent, and negligent acts as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, him to suffer one or more of the following elements of damage:

(a) Pecuniary loss;
(b) Mental shock and suffering;
(c) Pain and suffering;
(d) Loss of enjoyment of life;
(e) Permanent impairment;
(f) Disfigurement

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff as alleged herein.

22.    That due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant Puckett as set out above, as well as his violation of state law, Plaintiff is entitled to recovery actual and punitive damages, jointly and severally as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment)

23.   That Plaintiff realleges and reincorporate the above paragraphs as if fully set forth verbatim herein.

24.   That Defendant Gray Flex Systems knew or should have known Defendant Puckett was untrained and incapable of operating his vehicle in the manner required by the Federal Motor Carrier Safety Regulations and state law.

25.   That Defendant Gray Flex Systems knew or should have known that Defendant Puckett was careless and lacked sufficient training such that he was incapable of complying with the Federal Motor Carrier Safety Regulations and state law and was therefore, a negligent and/or reckless driver.

26.   That Defendant Gray Flex Systems negligently and/or recklessly entrusted a commercial vehicle to Defendant Puckett despite its knowledge that Defendant Puckett lacked proper training and appropriate driving skills to operate the same.

27.   That as a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendant Gray Flex Systems, Plaintiff has suffered and will continue to experience pain and suffering, mental distress, loss of enjoyment of life, emotional anguish, and medical expenses.

28.   That Plaintiff is entitled to judgment against Defendant Gray Flex Systems for the above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

6

## FOR A THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Retention)

29.    That Plaintiff realleges and reincorporates the above paragraphs as if fully set forth verbatim herein.

30.    Defendants owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation, and following of appropriate operating standards and procedures and safety management systems specifically as to the hiring, training, retention and supervision of its employees, drivers and agents, including Defendant Puckett.

31.    That Defendants owed statutory and common law duties to Plaintiff to use reasonable care when hiring, supervising, training and retaining employees and to use safe and fit equipment such as the tractor and trailer.

32.    That Defendants knew or should have known that Defendant Puckett lacked training and possessed a driving record such that he was unable to comply with the Federal Motor Carrier Safety Regulations and state laws and therefore was a negligent and/or reckless driver.

33.    That Defendants failed to properly monitor, supervise, and train Defendant Puckett and, despite this, allowed him to operate his vehicle without the most basic training in violation of the Federal Motor Carrier Safety Regulations and state law.

34.    Plaintiff is entitled to judgment against Defendants, jointly and severally, for his injuries described above, and for actual and punitive damages in

an amount to be determined by the jury.

WHEREFORE, Plaintiffs pray for the following:

i.    Judgment against Defendants for actual and punitive damages in an amount to be determined by a jury;

ii.    For the costs of this action; and

iii.    For such other and further relief as this court deems just and proper.

**RIESEN DURANT, LLC**

s/ *Frederick W. Riesen, III*
Frederick W. Riesen, III ("Trip")
Fed ID: 9167
G. Rutledge DuRant
Fed ID: 9792
613 Long Point Rd. Ste. 100
Mount Pleasant, South Carolina 29464
843.800.0809 (p)
843.767.3282 (f)
trip@riesendurant.com
rutledge@riesendurant.com
***Attorneys for the Plaintiff***

October 6, 2023
Mount Pleasant, South Carolina